IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CALVIN LEWIS LLOYD                                                    PLAINTIFF

V.                                              CIVIL ACTION NO.3:03CV234-WAP-JAD

WACKENHUT CORRECTIONS, et al                                        DEFENDANTS

REPORT AND RECOMMENDATION

The plaintiff Lloyd was an inmate at the Marshall County Correctional Facility.  The

remaining defendants in this action, Melanie Gilland, a nurse and Virginia Vittor, a doctor, were

involved in the provision of medical care to the plaintiff Calvin Lewis Lloyd.  These defendants have

filed a motion for summary judgment (Doc. 34).  Though the plaintiff has failed to file any response,

the undersigned has reviewed the record in considering the motion.

SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c).

> Summary judgment is proper "where a party fails to establish the existence of an
> element essential to his case and on which he bears the burden of proof. A complete
> failure of proof on an essential element renders all other facts immaterial because
> *there is no longer a genuine issue of material fact." Washington v. Armstrong World
> Indus*., 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S.
> at 323, 106 S.Ct. at 2553). If the party with the burden of proof cannot produce any
> summary judgment evidence on an essential element of his claim, summary judgment
> is required.  *Geiserman v MacDonald.* 893 F 2d 787, 793(5th Cir. 1990).

All facts are considered in favor of the non-moving party, including all reasonable inferences

therefrom.  *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995).

There must however be adequate proof in the record showing a real controversy regarding material

facts. "Conclusory allegations," *Lujan v. National Wildlife Federation,* 497 U.S. 871, 871-73, 110

S.Ct. 3177, 3180, 111 L.Ed.2d 695 (1990), "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d

92 (5th Cir.1994), or the presence of a "scintilla" of evidence," *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994) is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp*, 37 F.3d 1069, 1075 (5th Cir.)(emphasis omitted).

FACTUAL SUMMARY

The plaintiff's sworn complaint alleges that he suffered severe internal bleeding and the MCCF medical staff has repeatedly refused to help him. He complains that he has a knot on his stomach and that Dr. Vittor told him it could become cancerous if not fixed. He says he was taken to the Holly Springs Medical Clinic, and reports what he was supposedly told by the staff there. He says his condition has been ignored until it has become 'serious.' He demands twenty-five million in punitive damages, twenty-five million for pain and suffering and requests that the court orders the defendants "to seek out the best medical help there is."

The defendants' motion for summary judgment asserts Lloyd has been given regular and appropriate medical care and there has been no indifference to Lloyd's medical needs, much less the deliberate indifference. They have attached 109 pages of medical records showing that they were aware of, concerned about and acting on this inmate's medical complaints. The records indicate the knot Lloyd complains about is a minimal ventral hernia that does not require treatment.

The records indicate that Lloyd has suffered from potentially serious lower gastrointestinal bleeding. The medical records show a pattern of serious concern by health care providers about the rectal bleeding, and their apparent struggle to obtain Lloyd's compliance in attempting to identify the cause. During the year before he filed suit the records[1] show the following visits:

12/27/2002- Emergency room visit. Seen for rectal bleeding. p. 104.

1/30/03-History of intermittent dark blood in stools with anemia. Told to follow up with physician at the end of February, or sooner for active GI bleed, severe abdominal pain, nausea or vomiting, fever or other acute changes. The doctor spends about thirty minutes talking to him about his

---

[1] All references are to Exhibit C.

condition, medications and notes "he finally appeared to understand that he was to help me work up the source of bleeding." Lloyd is given hemoccult cards and instructions on their use.  p 47.

3/10/2003- Seen for left lower quadrant. Minimal ventral hernia noted. Patient again given hemoccult cards. p. 46.

3/24/03- Lloyd did not do hemoccult cards because stool appeared normal.  Told he needs to comply with doing tests. p. 44-5.

4/9/03-Seen for lab work. p. 44.

5/7/2003- Seen with undocumented history of gastrointestinal bleeding, but failed to do the cards for stools.  Says the blood in stools is decreasing .  p. 43-4.

7/11/2003- Seen within 30 minutes of passing red blood with clots rectally.  Lloyd is instructed about potential seriousness if bleeding persists or increases, including risk of death.  Given list of symptoms.  Lloyd refuses transfer to hospital or infirmary, but agrees to take medications and to undergo tests, evaluation and treatment, if his condition persists or worsens. p. 41-2.

9/2/2003-Seen for passing blood.  He has not been compliant in taking medications for treatment of H pylori.  Further labs ordered and Lloyd is scheduled for further followup to be seen 'sooner if increased bleeding, pain, nausea." p. 39.

9/15/2003- Seen by doctor for followup. p. 38

9/16/2003-Seen by doctor for followup.  p. 38

9/17/2003- Seen for followup.  p. 38

9/18/2003-  Stool is negative for blood.  Ventral hernia is unchanged, but nontender. p. 36-7.

9/20/03-  Seen for visual acuity check.  p. 35.

10/23/03- Seen seeking better shoes and for jock itch.  Also given Zantac and Pepto Bismol. p. 34.

This synopsis does not include the substantial notes generated by the doctor when she reviewed the lab work in Lloyd's file between visits.

ANALYSIS

Under § 1983 law, and because of his status as a prisoner, the plaintiff's claim is not governed by the general civil law regarding medical negligence. The plaintiff's protection derives from the Eighth Amendment prohibition against cruel and unusual punishment. While the state has "an obligation to provide medical care for those whom it is punishing by incarceration," *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L.Ed. 2d. 251, 259 (1976), it is not liable for simple carelessness or inadvertent failure to provide appropriate medical care. *Id*. at 105-9, 97 S Ct. at 291-292. Prisoners may recover only for violation of their constitutional rights. "The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves, nor the therapy that Medicare and Medicaid provides for the aged or the needy." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5ᵗʰ Cir. 1982). The state may even deliberately fail to conform its medical services to standards suggested by experts. *Id.* The Constitution only prohibits "[A]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 105-06, 97 S. Ct. at 292. Only this level of indifference can amount to the "unnecessary and wanton infliction of pain" *Id.* at 105, 97 S. Ct. at 291, (quoting *Gregg* v. *Georgia*, 428 U.S. 153, 182-183, 96 S. Ct. 2909, 2925, 49 L.Ed. 2d 859 (1976)), thus "can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106, 97 S. Ct. at 292.

On the record in this case, the plaintiff's allegations are 'conclusory allegations,' 'unsubstantiated assertions' and a 'mere scintilla of evidence' in opposition to the affidavits and supporting medical records provided by the defendants in support of their motion. No facts in the record support the allegations the plaintiff hurls at these defendants. No facts in the record suggest that either of these defendants have manifested deliberate indifference to the plaintiff's serious medical needs. In truth the record demonstrates that when it comes to the plaintiff's admittedly serious medical needs arising from his lower GI bleeding, it is Lloyd who is indifferent. His failure to comply with instructions, take medications and heed advice necessary for diagnosis and treatment

4

is repeatedly documented and undisputed by Lloyd.  There is also a complete absence of any proof of causation of any injury.

There is no bona fide dispute of material facts.  Plaintiff's 'proof' fails as a matter of law, entitling the defendants to judgment.  The undersigned therefore recommends that the defendants' motion for summary judgment be granted and the case dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date.  Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date.  Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 24th  day of April, 2006.


/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE